FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 20 2013 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DRAMANE FOFANA, #453546,

                    Plaintiff,

    -against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,

                   Defendant.
-------------------------------------------------------------X

**ORDER**
13-CV-00443(SJF)(ETB)

FEUERSTEIN, District Judge:

I.    Introduction

On January 23, 2013, incarcerated *pro se* plaintiff Dramane Fofana ("plaintiff") filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendant, the Suffolk County Correctional Facility ("SCCF"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to file the complaint without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the application to proceed *in forma pauperis* is GRANTED. However, for the reasons set forth below, the complaint is *sua sponte* dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

II.    The Complaint

Plaintiff alleges that on August 15, 2012, prior to his incarceration, he was stabbed by an unidentified individual who also threatened to shoot him "when the opportunity presented itself." (Compl. at ¶ IV). Shortly thereafter, plaintiff was arrested and brought to the SCCF. Id.) Approximately two (2) months later, the individual who allegedly stabbed and threatened plaintiff "walk[ed] into the same housing location as [plaintiff] telling all the other inmates [he is] a snitch

who told on him * * *." (Id.) Plaintiff claims that the SCCF housed him with the individual who stabbed him notwithstanding the fact that he had an order of protection requiring that individual to stay away from him. (Compl., at ¶ IV.A).

Plaintiff claims that he is "very jumpy in fear for [his] life;" that he has not "been able to sleep, eat or get the whole stabbing incident out of [his] mind;" that he is constantly "watching over [his] shoulder;" that he only eats packaged food now, as a result of which his "blood sugar levels have constantly been high with [his] diabetes;" and that he is scared to leave the SCCF "knowing there are greater risk [sic] outside" and to be transferred to an upstate prison for fear he will be "assaulted again based on the people who now know about the incident and consider [him] a snitch." (Compl., at ¶¶ IV and IV.A). Plaintiff seeks damages in the amount of one million dollars ($1,000,000.00) "to start a new life some where [sic] far away from New York for [him] and [his] loved ones, to avoid being victims of street violence because the County exposed [him] to someone who tried killing [him] before." Id.[1]

III. Discussion

   A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i-iii). See Abbas v. Dixon, 480

---

[1] By letter dated March 22, 2013, plaintiff advised the court that he "failed to mention three main defendants in [his] complaint, those being Sheriff Vincent F. DeMarco, and the Warden Joseph T. Caracappa along with his assistant John P. Meyerricks" and inquired as to whether it was too late to add them as defendants. Though a litigant generally may amend his complaint once as of right, see Fed. R. Civ. P. 15(a)(1), given that the complaint is dismissed with leave to amend for the reasons set forth below, plaintiff may include any proper defendants in his amended complaint.

2

F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are obliged to read *pro se* complaints plaintiff liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]." Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S. Ct. at 2200 (quotations and citations omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied, 133 S. Ct. 846, 184 L. Ed. 2d 655 (Jan. 7, 2013) (accord). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). The plausibility standard requires "more that a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d

Cir. 2011) (accord).

B. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citing Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

1. Municipal Liability

"Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002); see also Robischung-Walsh v. Nassau County Police Dep't, 699 F. Supp.2d 563, 565 (E.D.N.Y. 2010, aff'd, 421 F. App'x. 38 (2d Cir. 2011). Since the SCCF is an administrative arm of the County of Suffolk ("the County") it lacks the capacity to be sued. See, e.g., Wiggins v. Suffolk County Correctional Facility, No. 13-cv-0569, 2013 WL 1833260, at * 4 (E.D.N.Y. May 1, 2013); Butler v. Suffolk County Correctional Facility Medical Center, No. 11-cv-1463, 2013 WL 1193065, at * 1 n. 1 (E.D.N.Y. Mar. 22, 2013). Accordingly, and since plaintiff is proceeding *pro se*, the complaint is construed as being

4

against the County.

"[A] municipality [or municipal entity] can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality [or municipal entity]." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 131 S.Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S. Ct. 2018)); Humphries, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* ... inflicts the injury." (emphasis in original) (quotations and citation omitted)). "A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S.Ct. 1741, 182 L.Ed. 2d 528 (2012). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S.Ct. at 1359.

In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality [or municipal entity] by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (quotations and citation omitted). "[D]eliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent." Id.; see also Cash, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. See Santos v. New York City, 847 F. Supp.2d 573, 576 (S.D.N.Y. 2012). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Id. Since the complaint is devoid of any factual allegations tending to support an inference that a municipal policy or custom existed that caused the conduct of which plaintiff complains, it fails to state a plausible Section 1983 claim against the County. See Murray v. Johnson No. 260, 367 F. App'x 196, 197 (2d Cir. 2010) (summary order) (affirming dismissal of the plaintiff's deliberate indifference claim against the municipality where the plaintiff failed to show an official policy or directive that caused the medical staff or prison guards unreasonably to act). Accordingly, the complaint is dismissed in its entirety as against the County pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

## 2. Constitutional Violation

Prison officials have a duty, imposed under either the Eighth Amendment with respect to convicted prisoners or the Due Process Clauses of the Fifth and Fourteenth Amendments with respect to pretrial detainees in federal custody and state custody, respectively,[2] to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S. Ct. 1970 (1994) (quotations and citations omitted). As is relevant here, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833, 114 S. Ct. 1970 (alterations, quotations and citation omitted).

A Section 1983 claim challenging prison conditions rises to a constitutional violation only when two (2) requirements are met. See Farmer, 511 U.S. at 834, 114 S. Ct. 1970. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (quotations and citation omitted); see also Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012). "For a claim * * * based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834, 114 S. Ct. 1970; see also Hayes v. New York City Department of Corrections, 84 F.3d 614, 620 (2d Cir. 1996).

The second requirement is that a prison official must have acted or failed to act with a "sufficiently culpable state of mind," Farmer, 511 U.S. at 834, 114 S. Ct. 1970; see also Jabbar, 683 F.3d at 57, i.e., with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834, 114 S. Ct. 1970; see also Jabbar, 683 F.3d at 57. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835, 114 S. Ct. 1970; see also Jabbar, 683 F.3d at

---

[2] The same "deliberate indifference" standard applies to claims challenging prison conditions regardless of whether the claim is brought under the Eighth Amendment or the Due Process Clauses of the Fifth and Fourteenth Amendments. See Caiozzo v. Koreman, 581 F.3d 63, 70-1 (2d Cir. 2009).

57. "[A] prison official cannot be found liable * * * for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S. Ct. 1970; see also Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005). The prison official must have "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842, 114 S. Ct. 1970; see also Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999).

The complaint does not allege any facts to support a reasonable inference that plaintiff is incarcerated under conditions posing a substantial risk of serious harm. Other than his assertion that he fears for his life because some inmates believe he is a "snitch," plaintiff does not allege that he was ever assaulted or injured by any other inmate, nor that any inmate ever even threatened him with harm. "Fear of assault, by itself, does not constitute a 'sufficiently serious' injury sufficient to state a claim for failure to protect." Best v. City of New York, No. 11 Civ. 4475, 2012 WL 5458054, at * 7 (S.D.N.Y. Nov. 8, 2012); see also Jones v. Goord, 190 F.R.D. 103, 108 (S.D.N.Y. 1999) (holding that fear of assault by other inmates does not support a constitutional claim); Bolton v. Goord, 992 F. Supp. 604, 627 (S.D.N.Y. 1998) (holding that fear of assault "is not an objectively serious enough injury to support a claim for damages.") Absent a constitutional violation, the complaint fails to state a plausible Section 1983 claim. See, e.g. Best, 2012 WL 5458054, at * 7 (finding that the plaintiff failed to plead facts capable of establishing that his injury was "sufficiently serious" where, although he alleged that he feared his life was in danger, he did not allege that he was attacked or injured, or even that other inmates or correctional officers made significant threats against him); Dzwonczyk v. Syracuse City Police Department, 710 F. Supp. 2d 248, 267 (N.D.N.Y. 2008) ("[W]here * * * the plaintiff does not allege that he was assaulted or threatened by other inmates, or where plaintiff only alleges that he was in fear of an assault, a claim for failure to protect must be dismissed."); Chalif v. Spitzer, No. 9:05-cv-

8

1355, 2008 WL 1848650, at *9 (N.D.N.Y. Apr. 23, 2008) (dismissing a failure to protect claim where the plaintiff failed to allege that he was assaulted by other inmates, or that such an assault was threatened and imminent). Accordingly, the complaint is *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

C. Complaint Fails to Allege Physical Injury as is Required Under the PLRA

"[T]he purpose of the PLRA * * * was plainly to curtail what Congress perceived to be inmate abuses of the judicial process." Ortiz v. McBride, 380 F.3d 649, 658 (2d Cir. 2004); see also Skinner v. Switzer, — U.S. —, 131 S. Ct. 1289, 1299, 179 L. Ed. 2d 233 (2011) ("[I]n the [PLRA], Congress has placed a series of controls on prisoner suits, constraints designed to prevent sportive filings in federal court."); Harris v. City of New York, 607 F.3d 18, 23 (2d Cir. 2010) ("[A]lthough one of the PLRA's goals was protection of the corrections system * * *, an equally compelling purpose of the statute was to give district courts greater power to protect their dockets from meritless lawsuits.") To that end, the PLRA provides, in relevant part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, with respect to emotional distress claims, the PLRA "restricts an inmate's right to file suit in federal court * * * without a prior showing of physical injury." Liner v. Goord, 196 F.3d 132, 134 (2d Cir. 1999); see also Thompson v. Carter, 284 F.3d 411, 417 (holding that prisoners "cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury."); Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999) ("The PLRA also requires that a prisoner bringing an action for mental or emotional injuries suffered while in custody make a prior showing of physical injury.")

"Courts have consistently held that section 1997e(e) bars prisoner civil rights suits seeking

9

damages for constitutional violations where the inmate-plaintiff suffers only emotional and mental injury." Cox v. Malone, 199 F. Supp.2d 135, 139 (S.D.N.Y. 2002) aff'd, 56 Fed. Appx. 43 (2d Cir. Feb. 20, 2003) (internal citations omitted); see also Jessamy v. Ehren, 153 F. Supp. 2d 398, 402 (S.D.N.Y. 2001) ("The PLRA may be raised *sua sponte* by a court in order to dismiss actions in which plaintiffs claim emotional distress damages without accompanying physical injury.") Since plaintiff has not alleged any physical injury in his complaint, (Compl. at ¶¶ IV.A, V), his claim for damages are barred by the PLRA. See e.g., Fincher v. City of N.Y., No. 09 Civ. 10318(AKH), 2010 WL 3719236, at *1 (S.D.N.Y. Sept. 20, 2010) ("The complaint fails to allege a physical injury. That omission is fatal . . . . For this deficiency alone, the complaint has to be dismissed . . . .") (internal quotation omitted); Greene v. D.O.C, No. 10 Civ. 5344(KBF), 2012 WL 694031, at *3 (S.D.N.Y. Mar. 5, 2012) ("Cases asserting emotional harm, unaccompanied by a claim of physical harm, are routinely dismissed.") Accordingly, plaintiff's claim for damages are dismissed pursuant to 42 U.S.C. §1997e(e).

D. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "[l]eave to amend [ ] may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,'" Rutolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 229, 9 L. Ed. 2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008), "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. Thompson, 284 F.3d at 416 (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d

162, 170 (2d Cir. 2010). Accordingly, plaintiff is granted leave to amend his complaint to cure the pleading deficiencies noted herein, **provided that any such amended complaint is filed on or before June 24, 2013, or the complaint will be deemed dismissed in its entirety with prejudice and judgment shall enter in favor of defendant.** The amended complaint must be titled "amended complaint" and bear the same docket number as this order, and it shall be reviewed pursuant to 28 U.S.C. § 1915A. Since any amended complaint will supercede the original complaint, the amended complaint must include all claims and allegations plaintiff wishes to pursue against the County, as well as any other individual personally involved in the alleged constitutional violations of which plaintiff complains.

IV.  Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, **provided that plaintiff file an amended complaint in accordance with this order on or before June 24, 2013, or the complaint will be deemed dismissed in its entirety with prejudice and judgment shall enter in favor of defendant.** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated:  May 20, 2013
Central Islip, New York

11